Conviction for possessing marijuana; punishment, two years in the penitentiary.

The record is before us without any statement of facts. Appellant moved to quash the indictment. There was an exception to the court's charge for failure to charge on the law of circumstantial evidence, which we cannot appraise because of the absence of a statement of facts.

The Legislature of this state in 1930 enacted what is now article 725a of Vernon's Annotated Penal Code, wherein the possession of any narcotic drug is penalized. In section 1 of said act the expression "narcotic drug" is defined as meaning and including, among other things, "Marijuana." We think an indictment sufficient which charges, as in this case, that the accused possessed marijuana, and that there need be no allegation, where a specific drug is named, the possession of which is forbidden by statute, that same was a narcotic drug.

Finding no error in the record, the judgment will be affirmed.

## MILLER v. STATE.

### No. 15617.

Court of Criminal Appeals of Texas.

Oct. 19, 1932.

L. W. Sandusky and R. H. Ratliff, both of Colorado, Tex., for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, J.

The offense, burglary; the punishment, confinement in the penitentiary for 2 years.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.